## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTHONY JONES,

      Petitioner,                  Civil No. 06-11113
                                     HONORABLE VICTORIA A. ROBERTS

v.

MILLICENT WARREN,

      Respondent,

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

      Anthony Jones, ("Petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for armed robbery, M.C.L.A. 750.529; carjacking, M.C.L.A. 750.529a; kidnapping, M.C.L.A. 750.349; and being a second felony habitual offender, M.C.L.A. 769.10.

      Petitioner has now filed a motion to hold the petition in abeyance in order to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust two of the claims contained in his petition which have yet to be presented to the state courts.   For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit Petitioner to complete his post-conviction proceedings in the state courts to exhaust his claims.  The Court will also administratively close the case.

1

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Oakland

County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Jones,*

247353 (Mich.Ct.App. June 24, 2004); *aff'd* 471 Mich. 951; 690 N.W. 2d 110 (2004).

On March 8, 2006, Petitioner filed the instant application for writ of habeas corpus

with this Court. [1]  Petitioner seeks the issuance of a writ of habeas corpus on the

following grounds:

> I.  Defendant Jones is entitled to habeas review of his sentences for his
> convictions in this case because the two consecutive terms of imprisonment
> of 20 to 30 years imposed in this case at bar are disproportionate to the
> offenses and this offender and an abuse of sentencing discretion despite
> being in accord with the statutory sentencing guidelines.
>
> II.  Defendant is entitled to reversal of his conviction where he was denied
> his constitutional right to the effective assistance of trial counsel.
>
> III.  Any procedural default herein may be excused where cause, for failing
> to raise the above issues on direct appeal, is established where appellate
> counsel was ineffective in failing to point out the ineffectiveness of trial
> counsel, and where the single issue raised by appellate counsel-consecutive
> sentences causing disproportionality-has been settled (against the position
> taken by counsel) for many years and therefore was an unreasonable
> argument where it had absolutely no chance of success.

## II.  Discussion

The instant petition is subject to dismissal because it contains claims that, by

Petitioner's admission, have not been exhausted with the state courts.  As a general rule, a

---

[1]  Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on March 8, 2006, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 124 S. Ct. 2441, 2445 (2004).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502, which he apparently has already done.  A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Court is concerned that in dismissing the current petition outright, there is the possibility that Petitioner might be prevented under the AEDPA's one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of

3

habeas corpus following the exhaustion of his claims in the state courts.  A common

circumstance calling for abating a habeas petition arises when the original petition was

timely filed, as was the case here, but a second, exhausted habeas petition would be time

barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717,

720-21 (6th Cir. 2002).  The U.S. Supreme Court, in fact, has suggested that a habeas

petitioner who is concerned about the possible effects of his or her state post-conviction

filings on the AEDPA's statute of limitations could file a "protective" petition in federal

court, as Petitioner has apparently done here, and then ask for the petition to be held in

abeyance pending the exhaustion of state post-conviction remedies. *See Pace v.

DiGuglielmo,* 125 S. Ct. 1807, 1813-14 (2005)

      A federal district court thus has the discretion to stay a mixed habeas petition

containing exhausted and unexhausted claims in order to allow the petitioner to present

his unexhausted claims to the state courts in the first instance, and then to return to the

federal district court for habeas review of his or her completely exhausted petition. *See

Rhines v. Weber,* 125 S. Ct. 1528, 1532-36 (2005).  However, even where it is appropriate

to stay the habeas petition and hold it in abeyance pending exhaustion in the state courts,

because of the timeliness concerns reflected in the AEDPA, a mixed habeas petition

should not be stayed indefinitely. *Id.* at 1535.  Therefore, district courts should place

reasonable time limits on a petitioner's return to state court and back. *Id.*  The Supreme

Court indicated that "[I]t likely would be an abuse of discretion for a district court to deny

a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to

4

exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 1535.

The Supreme Court has not yet defined what would constitute good cause for purposes of staying a mixed habeas petition and holding it in abeyance pending the exhaustion of claims in the state courts.  However, ineffective assistance of counsel may establish cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  In this case, Petitioner claims that his appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claim on his direct appeal.

On remand from the United States Supreme Court, the federal district court in *Rhines* held that the ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims. *See Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005).  This Court has twice found that an appellate counsel's alleged ineffective assistance for failing to raise a claim on a habeas petitioner's direct appeal in the state courts constituted good cause to justify holding the petition in abeyance pending the petitioner's return to the state courts. *See Boyd v. Jones,* 2005 WL 2656639, * 4 (E.D. Mich. October 14, 2005); *Martin v. Warren,* 2005 WL 2173365, * 2 (E.D. Mich. September 2, 2005).  This Court therefore finds that appellate counsel's failure to raise Petitioner's ineffective assistance of trial counsel claim on Petitioner's direct appeal constitutes good cause for his failure to

5

exhaust this claim with the state courts.  Moreover, Petitioner would have good cause for failing to exhaust his ineffective assistance of appellate counsel claim, because post-conviction review would be his first opportunity to raise this claim in the Michigan courts. *See e.g. Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004).  Petitioner's claims do not appear plainly meritless.  Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics."

Therefore, in order to avoid Petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance.  This tolling, however, is conditioned upon Petitioner initiating his state post-conviction remedies, which he has apparently already done, and more importantly, returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Hargrove,* 300 F. 3d at 718; *Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III.  ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of Petitioner's state application for post-conviction review.  This tolling is conditioned upon Petitioner re-filing his habeas petition within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v.*

6

*Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 28, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on March 28, 2006.

S/CAP
Deputy Clerk

7