**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY JONES,

     Petitioner,                     Civil No. 2:06-CV-11113
                                   HONORABLE VICTORIA A. ROBERTS
v.                                UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

     Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

## I. INTRODUCTION

Anthony Jones, ("Petitioner"), now confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Petitioner challenges his conviction for armed robbery, MICH. COMP. LAWS § 750.529; carjacking, MICH. COMP. LAWS § 750.529a; and kidnapping, MICH. COMP. LAWS § 750.349. For the reasons stated below, Petitioner's application for writ of habeas corpus is **DENIED**.

## II. BACKGROUND

### A. Factual Background

Petitioner was convicted of the above offenses by a jury in the Oakland County Circuit Court. The Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review. *See Wagner v. Smith,*

On the evening of August 13, 2002, Christine Vaghy was leaving her place of business when defendant, armed with a gun, forced Vaghy into her car, made her open the passenger door so he could enter the vehicle, and then forced her to drive around for approximately thirty-five minutes. During the ordeal, Vaghy developed breathing difficulty, and she eventually pulled the car over to the side of the road, telling defendant that she could not continue and that she needed to get out of the car. On defendant's insistence, Vaghy gave defendant all the money she had in her purse and a credit card. She then stepped out of the car, grasping her purse in the process, and ran to a nearby gas station. Vaghy left behind her briefcase that contained her checkbook as well as her mother's checkbook. Defendant drove off with Vaghy's car. The day after the crime, the victim continued having breathing problems, and she went to the hospital where she was diagnosed with a heart attack.

A few days after the crime, Vaghy's daughter received a telephone call from someone claiming to be from a bank and requesting the social security numbers for Vaghy and her mother. The source of a similar subsequent call was identified through caller ID, reflecting a Detroit address. Later, defendant was stopped and arrested when police saw him driving the victim's vehicle near the identified address. Vaghy identified defendant as the perpetrator in a police line-up. Defendant gave police various accounts of how he obtained the car, including a claim that his brother first had the vehicle. Defendant subsequently stated that Vaghy freely and willingly gave him a ride and that he drove away with the car when she entered the gas station. Defendant denied having a gun and asserted that he simply needed a ride to a "safe" place. At trial, defendant testified that he was at home recovering from a work injury when the crime occurred. He maintained that his statements to police were coerced through police threats. The jury rejected the defense presented by defendant, and he was convicted of armed robbery, carjacking, and kidnapping.

*People v. Jones*, No. 247353, * 1-2 (Mich. Ct. App. June 24, 2004).

## B.    <u>Procedural History</u>

Following his conviction on January 23, 2003, Petitioner was sentenced as a second habitual offender to concurrent prison terms of twenty to thirty years on the armed robbery and kidnapping convictions, and a consecutive term of twenty to thirty years on

the carjacking conviction.

Petitioner filed an appeal as of right in the Michigan Court of Appeals, presenting the following claim:

> "I. Defendant is entitled to appellate review of his sentences for his convictions in this case because the two consecutive terms of imprisonment of 20 to 30 years imposed in the case at bar are disproportionate to the offenses and this offender and an abuse of sentencing discretion despite being in accord with the statutory sentencing guidelines."

The Michigan Court of Appeals affirmed Petitioner's sentence. *People v. Jones*, No. 247353, 2004 WL 1416249 (Mich. Ct. App. June 24, 2004).

Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, presenting the same claim raised on direct review to the Michigan Court of Appeals. The Michigan Supreme Court denied his application for leave to appeal; it was not persuaded that the question presented should be reviewed. *People v. Jones*, 471 Mich. 951; 690 N.W.2d 110 (Table)(2004).

On March 15, 2006, Petitioner filed a motion for relief from judgment in the trial court, asserting for the first time that he was denied the effective assistance of trial and appellate counsel. While Petitioner's post-conviction motion was pending, Petitioner filed a petition for writ of habeas corpus with this Court, as well as a motion to stay the proceedings, pending the completion of his state post-conviction proceedings. On March 28, 2006, this Court granted Petitioner's motion to stay the habeas proceedings and held the petition in abeyance while petitioner completed post-conviction proceedings in the state courts in order to exhaust these additional claims. *See Jones v. Warren,* No. 2006

WL 800752 (E.D. Mich. March 28, 2006). On April 14, 2006, the Oakland County

Circuit Court denied Petitioner's motion for relief from judgment, finding that Petitioner

had "failed to demonstrate either good cause or actual prejudice as required by the two-

prong standard of MCR 6.508(D)(3)". *People v. Jones*, No. 02-186780-FC, * 5 (Oakland

County Cir. Ct., April 14, 2006). The Michigan appellate courts denied Petitioner leave

to appeal because Petitioner "failed to meet the burden of establishing entitlement to

relief under MCR 6.508(D)." *People v. Jones*, No. 277244 (Mich. Ct. App. Sep. 5, 2007);

*lv. den.* 480 Mich. 1012, 743 N.W.2d 53 (Table)(2008).

Petitioner now seeks relief here through his petition for writ of habeas corpus on

the following grounds: (i) the two consecutive terms of imprisonment of 20 to 30 years

imposed are disproportionate to the offenses and this offender; (ii) Petitioner was denied

the effective assistance of trial counsel, and (iii) any procedural default is excused

because of the ineffective assistance of appellate counsel. [1]

## III.  STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to
any claim that was adjudicated on the merits in State court proceedings unless
the adjudication of the claim—

---

[1]  When Petitioner re-filed his habeas application, it was mistakenly assigned to Judge Nancy G. Edmunds
and assigned Case Number 2:08-CV-10895.  On April 3, 2008, the case was re-assigned to this Court as a
companion case to Case Number 2:06-CV-11113 and the pleadings filed in Judge Edmunds' case were re-filed under
this case number.

4

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## IV.  DISCUSSION

### A.  Claim # 1.  The disproportionate sentencing claim.

Petitioner first claims that his consecutive twenty-to-thirty-year sentences are disproportionate to the offenses and the offender, and are an abuse of sentencing discretion. Petitioner further contends that the statutory provision precluding appellate review of a sentence within the statutory guidelines is a violation of the separation of powers principle.

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S.

74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Thus, a sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner was sentenced as a second habitual offender to two concurrent prison terms of twenty to thirty years for the armed robbery and kidnapping convictions, and received a consecutive term of twenty to thirty years on a carjacking conviction. As Petitioner himself admits, these sentences are within the statutory maximums for those offenses. MICH. COMP. LAWS §§ 750.529, 529a, 349. Furthermore, consecutive sentencing is authorized under state law. *Id.* § 750.529(a)(3). Petitioner is not entitled to habeas relief on this claim.

Petitioner also claims that MICH. COMP. LAWS § 769.34(10) is unconstitutional, because it violates the right to appeal as granted by the Michigan Constitution, as well as the separation of powers enunciated in the Michigan Constitution. § 769.34(10), in pertinent part, states:

> "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."

Petitioner's claim that § 769.34(10) violates the separation of powers between the legislative and judicial branches of the State of Michigan is not cognizable on habeas review; the inter-branch relations of a state government is a matter of state law. *See Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). A violation of the state constitution would not entitle Petitioner to federal habeas relief. Furthermore, the Petitioner is not entitled to relief on his claim that the state statute violates his federal constitutional right to appeal his sentence because there is no such right. *See Abney v. United States,* 431 U.S. 651, 656 (1977); *See also Smith v. Robbins,* 528 U.S. 259, 270, n. 5 (2000)(The Constitution does not require states to create appellate review in criminal cases). The right of appeal, as it exists in criminal cases, "is purely a creature of statute," and "in order to exercise that statutory right ... one must come within the terms of the applicable statute." *Abney,* 431 U.S. at 656.

In *United States v. Nation,* 352 F. 2d 1075 (6th Cir. 2003), the Sixth Circuit rejected a similar claim involving a federal defendant's inability, under 18 U.S.C. § 3742, to appeal a federal district court's denial of a motion to depart downward from the defendant's federal sentencing guidelines range. In rejecting the defendant's claim, the Sixth Circuit ruled that there was no due process violation, because the defendant had no constitutional right to appeal his sentence. *Id.* at 1077. The Sixth Circuit further ruled that it was within Congress' power to confer limited appellate jurisdiction with respect to a district court's sentencing decisions. *Id.*

That Mich. Comp. Laws § 769.34(10) limits state appellate court jurisdiction over a state trial court's sentencing decisions does not violate Petitioner's federal constitutional rights since Petitioner has no federal constitutional right to appeal. Moreover, The U.S. Supreme Court cited with approval the proposition that "[o]rdinarily, a sentence within statutory limits is beyond appellate review." *Zant v. Stevens*, 462 U.S. 862, 901 (1983). Therefore, Michigan's "codification of this rule in Mich. Comp. Laws § 769.34(10) is not contrary to clearly established federal law. Petitioner is not entitled to habeas relief. *See Holman v. Renico*, No.2006 WL 3105839, * 9 (E.D. Mich. October 31, 2006).

To the extent that Petitioner asserts that his sentence is disproportionate or violates the Eighth Amendment, this claim fails as well. The United States Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the United States Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Id.* at 1001. Furthermore, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin,* 213 F. 3d at 302; *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 645 (E.D. Mich. 2001).

Moreover, federal courts generally do not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995); *Vliet,* 193 F. Supp. 2d at 1015.

Therefore, successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

Petitioner was convicted of crimes which reflect a flagrant disregard for the law. Petitioner carjacked a woman at gunpoint. Instead of simply taking the car keys she offered, Petitioner held her captive at gunpoint, forcing her to drive him around in her car. This undoubtedly terrifying ordeal lasted thirty-five minutes and apparently led to the victim's heart attack. His other disregard for the law is reflected in Petitioner's failure to appear for sentencing for a prior felony conviction; a warrant was out for his arrest.

As noted, Petitioner's twenty-to-thirty-year sentences were within the statutory maximums: the maximum penalty for armed robbery, kidnapping, and carjacking is life or any term of years. MICH. COMP. LAWS §§ 750.529, 349, 529a. Secondly, Michigan law authorizes consecutive sentences in this case. Finally, because the U.S. Supreme Court in *Harmelin* concluded that a sentence of life imprisonment without parole for the offense of possession of more than 650 grams of cocaine was constitutional, this Court concludes that Petitioner's concurrent and consecutive sentences, totaling a minimum of forty years, are not extreme or grossly disproportionate to the offense or to the offender. Petitioner's twenty-to-thirty-year sentences, while severe, are consistent with his prior criminal record and the seriousness of the crimes committed. *See e.g. Cowherd v. Million,* 260 Fed.Appx. 781, 784-86 (6th Cir. 2008)(consecutive sentences of 104 years for first-degree rape, sodomy, and criminal trespass were not grossly disproportionate so as to violate the Eighth Amendment, where the sentence for each of the offenses was within the statutory

maximum under state law for that offense).  Petitioner is not entitled to habeas relief on this claim.

**B.  Claims # 2 and # 3.  Ineffective Assistance of Counsel Claims.**

Petitioner argues that he was denied the effective assistance of trial counsel.  He also argues that any procedural default of his ineffective assistance of trial counsel claim should be excused because of the ineffective assistance of appellate counsel.

Respondent argues that Petitioner's ineffective assistance of counsel claims are procedurally defaulted because he raised them for the first time in his post-conviction motion for relief from judgment and has not shown prejudice or cause for failing to raise these issues in his appeal of right, as required by Michigan Court Rule 6.508(D)(3).

Petitioner claims that his appellate counsel was ineffective for failing to raise his claims in his appeal of right.  Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  If Petitioner could show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his claims on his direct appeal in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000).  Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of Petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).  Additionally, Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state

post-conviction review was the first opportunity that he had to raise this claim. *See Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004)

Petitioner claims that his trial counsel rendered ineffective assistance when he (1) argued an alibi defense to the jury without calling any alibi witnesses to testify, (2) failed to file an alibi notice and request an alibi instruction, (3) impeached Petitioner during his testimony by implying that he lied, and (4) proceeded to trial without a strategy.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel guaranteed by the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. Therefore, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* The reviewing court's scrutiny of counsel's performance is thus highly deferential. *Id.* at 689. The court must recognize that counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of

11

reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

1. *Alibi Defense*

Because Petitioner's first three claims are related to a potential alibi defense, the Court considers these interrelated claims together for the purpose of judicial economy.

Petitioner asserts that his trial counsel was ineffective for failing to call Maxine Jones, Shemari Jones, and Loretta Jones as witnesses for the defense. Petitioner contends that they would have testified that Petitioner was at home at the time the crimes were committed. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). As the Oakland County Circuit Court judge noted in rejecting Petitioner's claim, other than his own "self-serving affidavit," Petitioner failed to provide affidavits from any of the proposed witnesses regarding their proposed testimony. *People v. Jones*, No. 02-186780-FC, Slip. Op. at * 4. By failing to present any

12

evidence to the state courts in support of his claim, he is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner failed to offer proof or any affidavits sworn to by the proposed witnesses. He has not offered to any court evidence beyond his own assertions concerning what the content of these witnesses' testimony would have been. In the absence of such proof, Petitioner is unable to establish that he was prejudiced by counsel's failure to call them to testify, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007).

Moreover, as the Oakland County Circuit Court judge noted in rejecting Petitioner's claim, "all of the evidence pointed to [Petitioner] as the perpetrator of the crime." The victim positively identified him as her assailant. Petitioner was caught driving the victim's car and gave numerous inconsistent statements concerning how he came into possession of the victim's car. He was linked with cashing checks which had been taken from the victim. Most importantly, Petitioner ultimately admitted to the police that he stole the victim's car. *People v. Jones*, No. 02-186780-FC, Slip. Op. at * 4. In light of the overwhelming evidence of Petitioner's guilt, including his confession to the crime, Petitioner was not prejudiced by counsel's failure to present alibi witnesses, to file an alibi notice, or to request an alibi instruction. *See Bray v. Cason,* 375 Fed.Appx. 466, 470-71 (6th Cir. 2010). Therefore, this claim of ineffective assistance of trial counsel has no merit.

## 2. *Impeachment of Petitioner by Trial Counsel*

Petitioner next contends that trial counsel impeached him during his testimony by implying to the jury that he had lied to the jury and asking him, in the jury's presence, if he wanted to recant his sworn testimony and change his story.

Shortly after the crime, Petitioner signed a written confession when questioned by police, stating that he was with the victim in her car on the date of the crime. But Petitioner has failed to show that defense counsel's decision to elicit testimony concerning this confession was not a tactical choice. Indeed, counsel's questions regarding Petitioner's confession appear to be a valid attempt to rehabilitate his client. (Tr. II, pp. 166-68). It was a plausible and common trial strategy to allow the witness to explain numerous inconsistencies in a prior statement and also to explain why Petitioner said he was at the scene of the crime. Counsel was not deficient in asking Petitioner about his confession, because it appears to have been part of a defense strategy to bolster Petitioner's testimony. *See Fornash v. Marshall*, 686 F. 2d 1179, 1188 (6th Cir. 1982). Under *Strickland*, Petitioner failed to show that counsel was ineffective for eliciting such testimony. This claim is also without merit.

## 3. *Proceeding to Trial Without a Strategy*

Petitioner next contends that trial counsel proceeded to trial without a strategy because he failed to speak with Petitioner about Petitioner's testimony and did not know that Petitioner would testify at all until moments before Petitioner took the stand. The trial transcript does not support this argument, however. After the prosecution rested,

14

trial counsel requested that the jury be excused so that he could have Petitioner's statement that he did not want to testify placed on the record. This certainly suggests that counsel was expecting Petitioner to testify. In fact, counsel stated that just before the prosecution rested, it had come to his attention that Petitioner did not wish to testify. Counsel reiterated to Petitioner that Petitioner had a right to testify, stating that"[w]e've *been over this*. You only get this one opportunity," highlighting that trial counsel and Petitioner had discussed whether Petitioner would testify. (Tr. II, pp. 149-151). Furthermore, on the day of his testimony, Petitioner brought with him the Kobe Bryant jersey that he was wearing on the day of the crimes, and trial counsel pointedly referred to the jersey when questioning Petitioner.(*Id.* at pp. 154-55). This exchange involving the jersey clearly shows that trial counsel and Petitioner had discussed the content of Petitioner's upcoming testimony. Any claim that counsel failed to prepare for Petitioner's testimony fails; Petitioner does not explain what testimony he would have presented, had he been prepared more effectively by his defense counsel, or how that testimony would have differed materially from the evidence that the jury did consider. *See Hill v. Mitchell,* 140 Fed. Appx. 597, 598 (6th Cir. 2005).

4. *Summary*

Petitioner has not shown that trial counsel was ineffective, as required by *Strickland*, and this claim has no merit. Therefore, to the extent Petitioner contends that appellate counsel was ineffective for failing to raise some of the claims that he raises in his petition, his ineffective assistance of appellate counsel claim must fail because all his

15

underlying ineffective assistance of trial counsel claims are without merit. *See Siebert. v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).  Petitioner is not entitled to habeas relief on his second or third claims.

## V.  CONCLUSION

The Court denies this petition for writ of habeas corpus relief.  The Court also denies the certificate of appealability to Petitioner.  A certificate of appealability is proper when a prisoner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To determine this denial, the prisoner must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  Further, jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *See Siebert*, 205 F.Supp.2d at 735.

Although this Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may still grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claim, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. *Id.*

## VI. ORDER

The Petition for Writ of Habeas Corpus is **DENIED**, as well as a Certificate of Appealability**.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

**It IS ORDERED**.


s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 28, 2010

17

The undersigned certifies that a copy of this document was served on the attorneys of record and Anthony Jones by electronic means or U.S. Mail on October 28, 2010.

s/Linda Vertriest

Deputy Clerk